PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* ANGEL RODRÍGUEZ, Defendant and Appellant.

No. 2433. Argued April 28, 1925.—Decided July 10, 1925.

1. MURDDER IN SECOND DEGREE—CONTINUANCE—WITNESSES.—There is no ground for a continuance when the motion therefor is based on the possible existence of other witnesses besides those named by the defendant and no reason is alleged therein to justify such a possibility.

2. ID.—MANSLAUGHTER—INSTRUCTIONS TO JURY.—In a prosecution for murder it is not necessary to instruct the jury on manslaughter when the evidence shows clearly that the offense is murder and not manslaughter.

3. ID.—ID.—ID.—PREMEDITATION.—In instructing a jury on murder in the second degree the court need not instruct that premeditation is a necessary element of the crime.

4. ID.—NEW TRIAL.—A refusal to grant a new trial will not be reversed when the appellant does not assign it as error and when the motion for a new trial is based on the same grounds of appeal from the judgment which are held to be untenable.

5. ID.—APPEAL—ASSIGNMENT OF ERRORS.—No error will be considered on appeal unless the facts relating thereto appear from the transcript brought up.

District Court of Mayagüez, Angel Acosta, J. Judgment of conviction of murder in the second degree. *Affirmed.*

*J. Alemañy Sosa* for the appellant. *José E. Figueras. Fiscal,* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

[1] The first assignment of error made by the appellant against the judgment by which he was sentenced to fifteen years in the penitentiary at hard labor for the crime of murder in the second degree is that the court erred in overruling his motion for a continuance.

The appellant's attorney was appointed by the court six days before the date set for the trial and when the trial was opened he moved for a continuance, alleging that the defendant lived in a distant ward and because of being greatly occupied the attorney had been unable to visit the said ward in order to ascertain whether there were any persons who would testify in favor of the defendant; that he went to the jail to confer with his client and asked the court to summon a certain number of witnesses, and that when these witnesses appeared for the trial he questioned them, but notwithstanding this, he considered that he was not prepared to go to trial.

We see in these statements no good reason why a continuance should have been granted, for the basis of the motion was only that possibly there might be other witnesses besides those named by the defendant without alleging any reason to justify such a possibility, and in such circumstances the trial should not have been continued. In corroboration of this the subsequent facts justified fully the action of the court, for several witnesses for the defendant were examined and the evidence as a whole is convincing that all who had knowledge of the facts testified.

[2] The second assignment is that the court erred in refusing to instruct the jury that they could find a verdict of manslaughter.

We have said in several instances that when the evidence shows clearly that the crime is not manslaughter but murder the judge need not give instructions on manslaughter. *People* v. *Alméstico,* 18 P.R.R. 314; *People* v. *Lasalle,* 18 P.R.R. 410; *People* v. *Matos,* 26 P.R.R. 520, and *People* v. *Mejías,* 33 P.R.R. 856. And the evidence in this case shows that on a certain night the appellant found Monserrate Rosa in a hole which he was digging near the seashore and asked him brusquely what he was doing there, whereupon Rosa answered that he was doing nothing wrong and objected to his hostile manner, and when Rosa came out of the hole and before he got far from it he was immediately wounded by a gunshot. fired at him by the appellant which caused his death, there being no quarrel or justified heat of passion on the part of the appellant, for which reason the court did not commit the error assigned.

[3] The third assignment is that the court erred in not instructing the jury that premeditation is a necessary element of the crime of murder in the second degree.

Although murder consists of the unlawful killing of a human being with malice aforethought, such malice may be either express or implied. It is express when there is manifested a deliberate intention unlawfully to take the life of a fellow-man and implied when no considerable provocation appears, or when the circumstances attending the killing show an abandoned and malignant heart. And all murder which is perpetrated by means of poison, lying in wait, torture, or by any other kind of wilful, deliberate and premeditated killing, or which is committed in the perpetration or attempt to perpetrate arson, rape, robbery, burglary or mayhem, is murder of the first degree, all other kinds of murders being of the second degree. Sections 199, 200 and 201 of the Penal Code.

In accordance with these statutes premeditation is not a necessary element of the crime of murder in the second

degree, it being sufficient that the killing be done when no considerable provocation appears or when the circumstances show an abandoned and malignant heart. The distinction between the two degrees of this crime is that in murder in the first degree the killing must be deliberate and premeditated, unless committed in the perpetration or attempt to perpetrate arson, rape, robbery, burglary or mayhem, while in murder in the second degree the killing is neither deliberate nor premeditated. It is the unlawful killing of a person with malice but without deliberation or premeditation. In murder in the first degree the evidence must show that there was a deliberate intention to take the life of the victim, while in murder in the second degree it is not necessary to prove premeditation, but it is implied from the manner in which the killing is done. 13 California Jurisprudence, 12.

The fourth and last assignment is that the court erred in instructing the jury that they could find a verdict in the first or second degree, although there was no evidence of premeditation and deliberation, but the assignment of this error is a consequence of the third assignment and, as we have seen that the latter is without merit, the fourth assignment fails also.

[4, 5] The defendant also appealed from the overruling of his motion for a new trial, but he has failed to assign that ruling as error, apart from the fact that his motion was based on the grounds of his appeal from the judgment, with the exception of one which can not be considered because the facts on which it is based do not appear in the transcript brought up; therefore, the ruling can not be reversed.

The order refusing to grant a new trial and the judgment are affirmed.